Neilson, Ch. J.
It appeared on the trial, that, at the time the defendant, Lester Keep, transferred his property to the other defendant, he was indebted to the plaintiff, and that the property which remained in his hands was not sufficient to satisfy the claims of his creditor. On a careful examination of the proofs, I am satisfied that the fact that the defendant, Caroline, had knowledge of those matters, was correctly found. That finding of fact is important, must make itself felt in every possible view of the case. If the deed granting the land to her be regarded as a voluntary conveyance, that fact, as found, would be a fatal objection to her title, on the intervention of a creditor whose claims existed at the time; nor could it, if fraudulent, be supported even as against subsequent creditors. As Story says: 66 It is not sufficient that it be upon a good consideration or bona fide. It must be both” (Story Eq. § 353). In view of the circumstances of the case, we need not consider the distinction which exists between a voluntary conveyance and one that is not; between a merely good and a valuable consideration; nor the principle upon which a purchase, made in good faith, of one insolvent may be, and often is, supported. We have rather to consider the act of one who makes himself insolvent by giving away his property, and the concurrent act of one who accepts the gifts thus misapplied. If the defendant, Lester Keep, had applied the money which he had in the bank, and that raised on the chattel mortgage, to the payment of the plaintiff, the conveyance of his house to the other defendant, on her becoming his wife, would have been more equitable. I am *248 constrained on these proofs to hold that there was no valid consideration for the transfers of the property.
On his examination the defendant, Lester Keep, states the inducement at large ; and the considerations take three forms: First, the leaving of a profitable business in New York and coming over to Brooklyn. It is hardly necessary to say that the debtor could not, to the prejudice of his creditor, apply any of his property to meet such a sacrifice. Secondly, the marriage. The deed was made some time before the marriage, and upon a mere oral promise to marry—a form of contract which, for a purpose like this, is void under the statute. The case is not to be confounded with those where a contract merely executory is made and is regarded as meritorious, or not prohibited, and is respected when afterward performed. Thirdly, the closing element— the coming over and taking care of himself. That is subject to the objection which, since the statutory revision or codification of 1830, has been applied freely where a grantor or assignor of property has sought to create a trust for his own benefit. Mr. Keep further states that, in their negotiation, he said to the other defendant: “ I told her, if she would marry me,.. I would give her all I possessed.” It is apparent that purpose was carried out. She had the land, the money in bank, and that raised on the chattel mortgage. There can, then, be no doubt that, as she knew he did not intend to pay his debts, and that he retained no means for that purpose. I am of opinion that the judgment appealed from should be affirmed, with costs.
Reynolds, J., concurred.